IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NATIONAL TRUCK PROTECTION CO., INC.** ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| **CROWN POINT TRUCK & TRAILER REPAIR CENTER, INC.** and **CROWN POINT TRUCK & TRAILER SALES, INC.**, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**NOW COMES** National Truck Protection Co., Inc. ("Plaintiff" or "NTP"), by and through its undersigned counsel, and hereby brings this Complaint against Defendant Crown Point Truck & Trailer Repair Center, Inc. (or "Crown Point") and Defendant Crown Point Truck & Trailer Sales, Inc. ("Crown Sales") (collectively referred to as "Defendants") and alleges as follows:

**NATURE OF ACTION**

1. Plaintiff, NTP, is a nationally recognized vehicle service contract ("VSC") provider for commercial vehicles. Crown Point and Crown Sales were an NTP authorized dealer and a participating repair facility, and Crown Sales was authorized to advertise and sell NTP VSCs to consumers while Crown Point was authorized to repair vehicles under NTP contracts. However, as alleged herein, NTP learned that Crown Point submitted

Page | 1

fraudulent claims under NTP VSCs, and immediately terminated Crown Point's authority to repair vehicles and Crown Sales' rights to advertise and sell NTP and its products. Crown Point and Crown Sales continued unauthorized use of NTP's trademarks and failed to remedy their past actions. NTP brings this multi-count action as a result of Defendants' unauthorized use of its trademark and logo (15 U.S.C. § 1125), Crown Point's submission of claims to NTP that were faulty and fraudulent, and Defendants' advertisement of NTP's products and services for which they accepted monies from consumers without obtaining NTP's actual goods or services. All of which caused NTP harm to reputation and harm to consumers.

## PARTIES

2. The Plaintiff, National Truck Protection Co., Inc., is a corporation organized and existing under the laws New Jersey, doing business in its own name, and as Premium 2000+ (hereinafter referred collectively to as "NTP") and with a principal place of business in Winston-Salem, North Carolina.

3. Defendant Crown Point Truck & Trailer Repair Center, Inc., is a corporation organized and existing under the laws of Illinois having its principal place of business located in Morton Grove, Illinois. At all relevant times herein the President and CEO of Crown Point is Ovidiu Astalus. Defendant, Crown Point Truck & Trailer Sales, Inc., is a corporation organized and existing under the laws of Illinois having its principal place of business located in Morton Grove, Illinois. At all relevant times herein the President and CEO of Crown Sales is Ovidiu Astalus.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper as Defendants are located in Morton Grove, Illinois and the actions alleged to have occurred in this complaint arose in this jurisdiction.

## FACTUAL ALLEGATIONS

Fraudulent Claims

6. NTP is an independent provider of VSCs, commonly known in the industry as "extended warranties" to the North American trucking industry and owners of trucks in the used truck market through a network of corporate and independent dealers.

7. On March 27, 2019, NTP entered into a Universal Extended Warranty Dealer Agreement with Defendant Crown Sales, whose President and CEO is also Ovidiu Astalus, and who has the same principal place of business as Crown Point.

8. The VSCs sold by NTP to owners of used trucks allow when covered under the contract, for claims to be submitted for payment of repairs or replacements to be made by any properly qualified repair facility once the customer has obtained prior authorization form NTP for such repairs.

9. As part of the claim process, the properly qualified repair facility is required to submit supporting documentation including, but not limited to, a repair estimate and explanation of the repairs needed. The properly qualified repair facility must also submit photographs of the allegedly damaged vehicle parts.

10. Between April 25, 2019 and August 11, 2020, Crown Point submitted 18 claims to NTP seeking payment for vehicle repairs they allegedly performed under vehicle service contracts issued to NTP customers.

11. All 18 of these claims for payment under the VSCs were submitted by Crown Point via a combination of telephone calls to NTP and emails to NTP, all of which were received by NTP.

12. As part of each of these 18 claim submissions, Crown Point submitted supporting documentation including, but not limited to, a repair estimate and explanation of the repairs needed and photographs of the allegedly damaged vehicle parts to NTP, all of which were received by NTP.

13. NTP reviewed the 18 Crown Point claims for payment and supporting documents it received in Winston-Salem, Forsyth County, North Carolina.

14. In reliance on the documents submitted by Crown Point, including, but not limited to, a repair estimate and explanation for the repairs needed and photographs of the allegedly damaged vehicle parts, NTP issued payments on 16 of the 18 repair claims.

15. NTP issued the 16 payments via electronic transfer and / or check for the claims referenced above.

16. On or about August 20, 2020, while reviewing and processing a new claim submitted by Crown Point to NTP, NTP discovered that false documentation had previously been submitted via email to NTP in support of prior claims previously paid to Crown Point by NTP.

17. Upon information and belief, Crown Point submitted, via email, false and / or fraudulent photographs of allegedly failed vehicle components that were not associated with the vehicle allegedly under repair, in support of Crown Point's claims for payment to NTP.

18. Upon information and belief, Crown Point submitted, via email, false and /or fraudulent vehicle repair estimates that bear nearly identical diagnostic and repair information despite more varied causes of failure, vehicle types, vehicle mileage and vehicle ages, in support of Crown Point's claims for payment to NTP.

NTP's Trademarks, and the Infringement thereof

19. NTP owns many trademarks for their name and products including the registered trademark "NTP", U.S. Reg. 3512348, for use with VSCs on trucks and had utilized this mark and the associated mark "National Truck Protection," U.S. Reg. 3556446 consistently since 1992, and NTP or its predecessor has used the mark "Premium 2000+," U.S. Reg. 5750440 consistently since 1990, for use with extended warranties on trucks (collectively these marks will be referred to as "Marks"). NTP has spent considerable time and resources to established good will associated with its Marks and a reputation for its goods and service associated with its Marks.

20. Crown Sales utilized, and continues to utilize, NTP's trademarks without authorization. Crown Point continues to display and utilize NTP's trademarks without authorization. Defendants use of NTP's Marks without authorization on its website and, upon information and belief, in signage in its locations.

21. Upon information and belief, Defendants continue to use NTP's Marks to solicit consumers without any intent to properly submit documentation to NTP or actually provide the services to consumers.

22. Defendants' conduct in use of NTP's Marks without authorization is an infringement of NTP's trademark rights.

23. Defendants' use in offering services and goods using NTP's Marks on their website dilutes NTP's Marks.

**First Cause of Action**
**Violation of the Lanham Act/Infringement**
**Crown Point Truck & Trailer Repair Center, Inc. and**
**Crown Point Truck & Trailer Sales, Inc.**

24. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs one through twenty-three above as if fully set forth herein.

25. NTP is the owner of the registered Marks.

26. NTP authorizes use of its Marks to licensed vendors throughout Illinois, and throughout the U.S. As part and parcel of the license, vendors agree to terms and conditions associated with the use of the Marks to ensure the reputation of the NTP remains intact with its customers and consumers.

27. Crown Sales was a licensed user of NTP's Marks at one time. NTP revoked the license for use of its Marks upon learning of Defendant's conduct as alleged in this Complaint.

28. Crown Point and Crown Sales continue, to this day, to use NTP's Marks on their website, and advertise NTP's services to its customers.

29. Upon information and belief, Crown Point and/or Crown Sales continue to solicit sales of NTP's services, accepts payment for said services and never provides the services after payment.

30. Crown Point and/or Crown Sales' unauthorized use of NTP's Marks infringes NTP's Marks, damages NTP's reputation and goodwill associated with the Marks.

31. Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods and services associated with the Marks.

32. Defendants' wrongful acts and/or willful infringements, for which Plaintiff has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to Plaintiff unless permanently enjoined.

**Second Cause of Action**
**Violation of Lanham Act/Dilution**
**Crown Point Truck & Trailer Repair Center, Inc. and**
**Crown Point Truck & Trailer Sales, Inc.**

33. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs one through twenty-three above as if fully set forth herein.

34. Plaintiff is the owner of the Marks. The Marks has been used by Plaintiff and its predecessor since 1990 and 1992 and has been a source identifier of their goods and services since that time.

35. Defendants' right to utilize the Marks was terminated and Defendants do not, and have not had the right to use the Marks. Defendants continue to utilizes the Marks on its website to solicit business.

36. On information and belief, Defendants continue to solicit business and sell goods and services associated with the Marks without intent to provide consumers with the actual NTP goods and services.

37. Defendants' unauthorized use of NTP's Marks infringes NTP's Marks, damages NTP's reputation and good will associated with the Marks.

38. Defendants' uses of the Marks have caused and/or are likely to cause confusion or mistake, or to deceive regarding the source, sponsorship and/or affiliation of the goods and services associated with the Marks.

39. Defendants' wrongful acts and/or willful infringements, for which Plaintiff has no adequate remedy at law, have caused, and will continue to cause damages and irreparable harm to Plaintiff unless permanently enjoined.

**Third Cause of Action**
**(Common Law Fraud)**
**Crown Point Truck & Trailer Repair Center, Inc.**

40. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs one through twenty-three above as if fully set forth herein.

41. Crown Point, through its agents and employees, falsely and fraudulently, and with the intent to defraud, represented or omitted certain material facts including, but not limited to the following:

    a. Crown Point submitted false documentation via email to NTP in support of prior claims previously paid to Crown Point by NTP.

    b. Upon information and belief, Crown Point submitted, via email, false and / or fraudulent photographs of allegedly failed vehicle components that were not associated with the vehicle allegedly under repair, in support of Crown Point's claims for payment to NTP.

    c. Upon information and belief, Crown Point submitted, via email, false and /or fraudulent vehicle repair estimates that bear nearly identical diagnostic and

        repair information despite more varied causes of failure, vehicle types, vehicle mileage and vehicle ages, in support of Crown Point's claims for payment to NTP.

42. Crown Point knew or should have known that the information contained in the documents submitted in support of the claims for payment of repairs were false at the time the supporting documents were submitted.

43. Crown Point intentionally and deliberately submitted the false documents in support of these claims to NTP.

44. NTP did not know Crown Point's representations and information contained within the documents that were intended to support the claim for payment for repairs were false, believed them to be true and relied upon them in making payment of the claims.

45. Crown Point's representations and actions were intended to and did induce NTP to pay the claims.

46. As a result of Crown Point's fraud, NTP was damaged in an amount in excess of $25,000.00.

**Fourth Cause of Action**
**Illinois Uniform Deceptive Trade Practices Act**
**815 ILCS § 510/1 et seq.**
**Crown Point Truck & Trailer Repair Center, Inc. and**
**Crown Point Truck & Trailer Sales, Inc.**

47. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs one through twenty-three above as if fully set forth herein.

48. Defendants engaged in acts which violate Illinois law including, without limitation, unauthorized use of Plaintiff's Marks to solicit consumers; causing a likelihood of

confusion and/or misunderstanding as to the source of goods and services and affiliation, connection or association with Plaintiff's goods and services; representing they have Plaintiff's approval to engage in transactions related to Plaintiff's goods and services; and engaging in other conduct as described herein which creates a likelihood of confusion and/or misunderstanding among the public.

49. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trade Practices Act.

50. Plaintiff will suffer irreparable harm to its reputation and goodwill of its Marks if Defendants' action does not cease.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Grant judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims;

B.      Award Plaintiff such punitive damages for Defendants' willful and intentional acts of unfair competition and infringement of Plaintiff's rights that the Court shall deem just and proper;

C.      Award Plaintiff its reasonable attorney fees, costs, disbursements, and interest, as provided by law; and

D.      Granting such other and further relief as the Court may deem just and proper.

Respectfully,

/s/Carla Carter
Carla Carter (6281101)
Davis & Carter LLC
53 W. Jackson Blvd., Ste. 1560
Chicago, IL 60604
T: (312) 600-5485
ccarter@daviscarterlaw.com

Davis & Carter LLC
53 W. Jackson Blvd., Ste. 1560
Chicago, IL 60604
T: (312) 600-5485
ccarter@daviscarterlaw.com