IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL TRUCK PROTECTION CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> CROWN POINT TRUCK & TRAILER REPAIR CENTER, INC. and CROWN POINT TRUCK & TRAILER SALES, INC., <br><br> Defendants. | Case No. 23-cv-16880 <br><br> Judge Lindsay C. Jenkins |

**Plaintiff's Motion for Entry of Default and Default Judgment**

**NOW COMES** Plaintiff National Truck Protection Co., Inc. ("Plaintiff" or "NTP"), by and through Plaintiff's undersigned counsel, and in support of Plaintiff's Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants Crown Point Truck and Trailer Repair Center, Inc. ("Crown Point") and Crown Point Truck and Trailer Sales, Inc. ("Crown Sales") (collectively, "Defaulting Defendants"), states as follows:

### I. Statement of Facts

Plaintiff, NTP, is a nationally recognized vehicle service contract ("VSC") provider for commercial vehicles. Crown Point and Crown Sales were NTP authorized dealers and a participating repair facility. Crown Sales was authorized to advertise and sell NTP VSCs to consumers, while Crown Point was authorized to repair vehicles under NTP contracts. However, NTP learned that Crown Point submitted fraudulent claims under NTP VSCs, and immediately terminated Crown Point's authority to repair vehicles and Crown Sales' rights to advertise and

1

sell NTP and its products. Thereafter, Crown Point and Crown Sales continued unauthorized use of NTP's trademarks and failed to remedy their past actions.

Plaintiff filed this action on December 18, 2023 alleging violations of the Lanham Act for trademark infringement and dilution, common law fraud, and violations of the Illinois Deceptive Practices Act. [Dkt. 1]. On January 8, 2024, Defendants' Registered Agent listed with Illinois Secretary of State was served with copies of the Complaint, Summons, Civil Cover Sheet, and Attorney Appearance. [Dkt. 8]. To date, Defendants have failed to appear, file an answer, or respond to the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from infringing their Registered trademark.

## II. Argument

**a. Jurisdiction and venue are proper in this Court.**

> i. *This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.*

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are located in Morton Grove, Illinois and the actions alleged to have occurred in this complaint arose in this jurisdiction. See [Dkt. 1]

**b. Plaintiff has met the requirements for entry of default.**

2

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On December 18, 2023, Plaintiff filed the Complaint, alleging federal trademark infringement and dilution of the Plaintiff registered trademark pursuant to 28 U.S.C. §§ 1331, 1338 (Count I and II), common law fraud (Count III), and violations of the Illinois Deceptive Practices Act (Count IV). [Dkt. 1]. Plaintiff's other claims are assumed under the Court's jurisdiction. The Defendants were properly served with the Complaint on January 8. 2024. [Dkt. 8]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Carter Declaration at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id*. at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

    **c. Plaintiff has met the requirements for entry of default judgement.**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendants on January 8, 2024. [Dkt. 8]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See*, Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is

appropriate and pursuant to statute. In Count I and II, Plaintiff seeks statutory damages pursuant to the Lanham Act for Defaulting Defendants' trademark infringement and dilution. Plaintiff also seeks damages for Count III for the actual damages of paying the fraudulently submitted claims in the amount of $262,122.98. See Declaration of Brandy Beck. Plaintiff seeks injunctive relief for the remaining claims.

To properly plead a claim of trademark infringement pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)).

Plaintiffs alleged in their Complaint that they own the "NTP" mark and the "Premium 2000+" mark that are registered with the USPTO, that Defaulting Defendants have knowledge of Plaintiffs' rights in the Marks, that Defaulting Defendants are not authorized to use the Marks, and that Defaulting Defendants' use of the Marks causes likelihood of confusion. [Dkt. 1 at ¶¶ 19- 39]. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiffs' Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for trademark infringement of the Marks against the Defaulting Defendants.

Similarly, Defaulting Defendants use of Plaintiff's Marks causes dilution of the Marks as alleged in the Complaint. [Dkt. 1 at ¶¶ 19- 39]. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in

Plaintiffs' Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count II for trademark dilution of the Marks against the Defaulting Defendants.

In Illinois, courts resolve unfair competition and deceptive trade practices claims "according to the principles set forth in the Lanham Act." *Spex, Inc. v. The Joy of Spex, Inc.,* 847 F.Supp. 567, 579 (N.D. Ill. 1994). Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Id.* (citation omitted). As such, the determination as to whether there is a likelihood of confusion under the Illinois Uniform Deceptive Trade Practices Act is similar to the Lanham Act analysis. *Am. Broad. Co. v. Maljack Prods., Inc.,* 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Plaintiff alleged in their Complaint that Defaulting Defendants have engaged in acts violating Illinois law including, but not limited to, selling and offering for sale products and services using Plaintiff's Marks, causing likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection, or association with Plaintiff's genuine products, representing that their products have Plaintiff's approval when they do not, and selling products without remitting monies or documents to Plaintiff which creates a likelihood of confusion or misunderstanding among the public. [Dkt. 1, ¶¶ 47-50]. Plaintiff, therefore, requests entry of judgment with respect to Count IV of its Complaint for willful violation of the Illinois Uniform Deceptive Trade Practices Act against Defaulting Defendants.

Lastly, to establish the elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, a plaintiff must allege: (1) a false statement or omission of material

fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance. *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452, 546 N.E.2d 580, 591, 137 Ill. Dec. 635 (1989); see also *Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 314, 550 N.E.2d 1121, 1124, 141 Ill. Dec. 75 (1990). In addition to these elements, in order to prove fraud by the omission of a material fact, "it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." *Lidecker*, 194 Ill. App. 3d at 317, 550 N.E.2d at 1126. Plaintiff has alleged that Defaulting Defendants remitted claims for repairs under NTP polices using the same photographs and fraudulently claiming damages and repair costs. Plaintiff has asserted that this conduct involved 18 separate incidents. [Dkt 1, ¶¶ 6-18, 40-46]. Because the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to all Counts against the Defaulting Defendants.

    **d.** Plaintiff is entitled to damages and injunctive relief

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Plaintiff in entitled to statutory relief for its trademark claims, and damages in the amount of the actual amount of the loss associated with the fraud and deceptive practices asserted.

    **A.**    **Statutory Damages are Appropriate in this Case**

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than

$1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, 36 F. Supp. 2d at 170, In *Sara Lee*, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or wilful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant. Here, there is both in-person usage of the Marks and internet usage of the Marks. The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without

7

requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

Plaintiff is entitled to its actual damages for the fraud incurred as alleged in Count III. Plaintiff has properly plead its fraud count. As averred in the Declaration of Brandy Beck, eighteen (18) fraudulent claims were submitted to Plaintiff by Defendant Crown Point Truck & Trailer Repair Center, Inc. using the same photos or claiming the same damages needed to be repaired. Such claims and the documentation supporting the claims is attached to the Declaration. Plaintiff is entitled to $263,122.98.

### B. Injunctive Relief is Appropriate

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's registered trademark rights Marks. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new uses, websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Plaintiff's Products.

### III. Conclusion

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred thousand dollars ($100,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), award damages of $263,122.98 for the fraud and deceptive acts, and enter a permanent injunction order prohibiting Defaulting Defendants from selling and advertising Plaintiff's products.

Dated: February 22, 2024

                Respectfully Submitted

                /s/Carla Buterman-Carter
                Carla Buterman-Carter
                Michael Davis
                Davis & Carter LLC
                53 W. Jackson Blvd., Ste. 1560
                Chicago, IL 60604
                T: (312) 600-5485
                ccarter@daviscarterlaw.com
                mdavis@daviscarterlaw.com
                Counsel for Plaintiff