IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NATIONAL TRUCK PROTECTION CO., INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-16880 |
| vs. | ) ) ) | Judge Lindsay C. Jenkins |
| CROWN POINT TRUCK & TRAILER REPAIR CENTER, INC. and CROWN POINT TRUCK & TRAILER SALES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**Plaintiff's Motion for Entry of Judgment**

NOW COMES, Plaintiff National Truck Protection Co., Inc. ("Plaintiff" or "NTP"), by and through Plaintiff's undersigned counsel, and in support of Plaintiff's Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants Crown Point Truck and Trailer Repair Center, Inc. ("Crown Point") and Crown Point Truck and Trailer Sales, Inc. ("Crown Sales") (collectively, "Defendants"), states as follows:

**I.        Statement of Facts**

Plaintiff, NTP, is a nationally recognized vehicle service contract ("VSC") provider for commercial vehicles. Crown Point and Crown Sales were NTP authorized dealers and a participating repair facility. Crown Sales was authorized to advertise and sell NTP VSCs to consumers, while Crown Point was authorized to repair vehicles under NTP contracts. However, NTP learned that Crown Point submitted fraudulent claims under NTP VSCs, and immediately terminated Crown Point's authority to repair vehicles and Crown Sales' rights to advertise and

1

sell NTP and its products. Thereafter, Crown Point and Crown Sales continued unauthorized use of NTP's trademarks and failed to remedy their past actions.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and judgment finding that Defendants are liable on Count I and Count III of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2).

## II. Procedural History

On December 18, 2023, Plaintiff filed this action alleging violations of the Lanham Act for trademark infringement and dilution, common law fraud, and violations of the Illinois Deceptive Practices Act. [Dkt. 1].

On February 29, 2024, the Court entered a Final Judgment after Plaintiff moved for entry of default and default judgment against Defendants. [Dkt. 13]. Thereafter, Defendants moved to vacate the judgment. [Dkt. 17].

On May 1, 2024, the Court granted Defendants' motion to vacate the previously entered default judgment. [Dkt. 18]. The parties engaged in both written and oral discovery, including depositions of Defendants' owner, Ovidiu Astalus, and Plaintiff's representatives.

After completing discovery, on February 21, 2025, Plaintiff filed a Motion for Summary Judgment with supporting Memorandum of Law. [Dkt 36]. Defendants then filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on March 20, 2025. [Dkt. 38].

On May 8, 2025, the Court granted Plaintiff's Motion for Summary Judgment on Count I (trademark infringement) as to damages, but injunctive relief was deemed moot. The Court denied summary judgment for Count II (trademark dilution) and Count III (fraud). Count IV (Illinois Uniform Deceptive Trade Practices Act) was dismissed. [Dkt. 41].

On October 7, 2025, Defendants' counsel filed a motion to withdraw from representation.

[Dkt. 44]. On October 22, 2025, the Court granted defense counsel's motion to withdraw and encouraged Ovidiu Astalus, the owner of Crown Point Repair and Crown Point Sales, to seek counsel on behalf of Defendants and that failure to do so may result in default judgment. [Dkt. 46].

On November 12, 2025, a status hearing was held where neither Defendant nor counsel on behalf of Defendants appeared. This Court provided Defendants with an additional opportunity to retain counsel and have an appearance filed. [Dkt. 48]. To date, no appearance has been filed.

Plaintiff once again seeks judgment on its claims. Plaintiff is entitled to a final judgment as to the previously awarded summary judgment for its claims under the Lanham Act for infringement, and damages for fraud. Plaintiff hereby withdraws its claims for trademark dilution pursuant to Fed.R.Civ.P. Rule 419(a)(2).

### III. Argument

#### a. Plaintiff has met the requirements for entry of default judgement.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Defendants have failed to appear or have counsel appear despite being advised by the Court that such representation is required to proceed. [Dkt. 48]. Accordingly,

default judgment is appropriate and pursuant to statute. As to Count I, this Court has held that Plaintiff is entitled to summary judgment and statutory damages pursuant to the Lanham Act for trademark infringement. In this motion, Plaintiff also seeks damages for Count III for the actual damages of remitting payment for the fraudulently submitted claims in the amount of $262,122.98. Accordingly, Plaintiff requests entry of judgment with respect to Counts I and III against the Defendants.

### b. Dismissal of Dilution-Related Claims

Plaintiff moves, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss the dilution-related claims asserted in the Complaint without prejudice.

### c. Statutory Damages are Appropriate in this Case

This Court has awarded Plaintiff Summary Judgment as to Count I and thereby found Defendants liable for trademark infringement. Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS

22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or willful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant. Here, there is both in-person usage of the Marks and internet usage of the Marks. The lack of information regarding Defendants' sales and profits makes statutory damages particularly appropriate for cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008). Plaintiff hereby requests damages in the amount of not less than $100,000.00 per Defendant.

### d. Fraud Damages

Plaintiff is entitled to its actual damages for the fraud incurred as alleged in Count III. Plaintiff has properly pleaded its fraud count. As averred in the Declaration of Brandy Beck, eighteen (18) fraudulent claims were submitted to Plaintiff by Defendant Crown Point Truck & Trailer Repair Center, Inc. using the same photos or claiming the same damages needed to be repaired. Such claims and the documentation supporting the claims is attached to the Declaration. Plaintiff is entitled to $263,122.98.

As to Count III, to establish the elements of a claim for fraudulent misrepresentation, also

5

referred to as common law fraud, a plaintiff must allege: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance. *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452, 546 N.E.2d 580, 591, 137 Ill. Dec. 635 (1989); see also *Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 314, 550 N.E.2d 1121, 1124, 141 Ill. Dec. 75 (1990). In addition to these elements, in order to prove fraud by the omission of a material fact, "it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." *Lidecker*, 194 Ill. App. 3d at 317, 550 N.E.2d at 1126. Plaintiff has alleged that Defendants remitted claims for repairs under NTP polices using the same photographs and fraudulently claiming damages and repair costs. Plaintiff has asserted that this conduct involved 18 separate incidents. [Dkt 1, ¶¶ 6-18, 40-46].

During discovery, Defendants produced a set of documents that include communications, claim submissions, and payment records relevant to Plaintiff's fraud claims. [DEF 0001-0109]. The documentary production together with declarations of Brandy Beck and Andy Warnstaff establish that Defendants submitted multiple claims supported by duplicate or internet-sourced images, that Plaintiff relied on Defendants' submissions and paid the claims, totaling payments at issue to $262,122.98.

The record establishes that Defendant submitted at least eighteen false or materially misleading warranty claims to Plaintiff between 2019 and 2020, resulting in payments totaling $262,122.98. See Declaration of Brandy Beck. NTP relied on the submissions and paid the claims. Plaintiff discovered that Defendant was reusing image from the internet across its claims. See Declaration of Andy Warnstaff. Plaintiff's Claim Process Manager, Andy

6

Warnstaff, stated that he conducted an internal investigation to compare the images submitted by Defendant with matching internet images, including a Facebook post and a YouTube video. See Declaration of Andy Warnstaff. Andy Warnstaff further stated that the images and Engine Control Module (ECM) reports are essential to validating claims and that technical specialists have the authority to approve payments without supervisory sign-off. See Declaration of Andy Warnstaff. After Plaintiff discovered the false claims, Plaintiff terminated Defendants' authority to repair vehicles and its right to advertise and sell Plaintiff and its products. The image comparisons, documented claim-approval practices, and payments demonstrate that Plaintiff relied on Defendant's claim submissions and resulting payments. Defendants' pattern of deliberate misrepresentation, continued misuse of Plaintiff's marks after termination, and lack of cooperation supports an award of enhanced damages award to deter future misconduct. However, Plaintiff is entitled to damages of at least $262,122.98 for the amount of fraudulent claims paid to Defendants.

## IV.     Conclusion

Plaintiff respectfully requests that the Court enter default and judgment against each Defendant, award statutory damages in the amount of at least one hundred thousand dollars ($100,000) per Defendant pursuant to 15 U.S.C. § 1117(c), award damages of at least $262,122.98 for the fraud committed, and for any other relief this Court deems just and proper.

Dated: December 10, 2025

                        Respectfully Submitted

                        <u>/s/Carla Carter</u>
                        Carla Carter
                        Davis & Carter LLC
                        53 W. Jackson Blvd., Ste. 1560
                        Chicago, IL 60604
                        T: (312) 600-5485
                        ccarter@daviscarterlaw.com
                        Counsel for Plaintiff